**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS and SHERRY CASSODY, individually and as SPECIAL ADMINISTRATOR for the ESTATE OF WESTON CASSODY, Deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>(1) CORY RINK, in his official capacity as Sheriff of Garfield County, and<br>(2) BRANT BISHOP, individually,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-24-595-SLP |

**O R D E R**

Before the Court is Plaintiffs' Motion to Compel [Doc. No. 87].  Defendant Sheriff Cory Rink has responded [Doc. No. 106] and Plaintiffs have replied [Doc. No. 111].  The matter is fully briefed and ready for determination.

**I.**     **Legal Standard**

Under Rule 26(b), district courts have discretion in resolving discovery disputes.  *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010).  But courts are not without instruction.  Civil litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Accordingly, the scope of discovery is governed by both relevance and proportionality.  *See, e.g.*, *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("Relevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case.").  In

permitting or denying discovery requests, courts are instructed to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). But "when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id.*

The proportionality analysis considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.*

2

## II.    Background

This action arises from a deputy-involved shooting on September 15, 2022, that resulted in the death of Plaintiffs' son.  As alleged, the shooting occurred at Plaintiffs' home when Garfield County Sergeant Brant Bishop responded to a call that Plaintiffs' son was experiencing a mental health crisis.  Plaintiffs assert various claims under 42 U.S.C. § 1983 against Garfield County Sheriff Cory Rink, in his official capacity, and Sgt. Bishop, including claims premised on *Monell* liability and for a failure to train and supervise. Plaintiffs allege, among other things, that Sgt. Bishop was not properly trained on crisis intervention, de-escalation, or responding to individuals experiencing a mental health crisis.  Pet. [Doc. No. 1] ¶ 31, 46–103.

## III.    Discussion

The parties' briefing reflects commendable efforts to narrow the scope of the discovery dispute before the Court.  As such, Plaintiffs' Motion to Compel seeks an order compelling production of the following:[1]

1. "The file that indicates when policies and procedures were actually signed by the Sheriff and enacted just a 'couple weeks' prior to [Major] Layton deposition (in February of 2026).

2. The policies and procedures provided to Sgt. Reim by email, in native format;

3. The final version of the policies and procedures on [Major] Layton's computer in original format; and

4. Production of [Deputy] Hunter and [Deputy] Prince digital drives to a third party forensic data company."

---

[1] For clarity, the Court refers to these numerical items as "Requests 1–4" for purposes of this Order.

3

Mot. [Doc. No. 87] at 9.[2]

Plaintiffs contend that although Defendants have produced a Use of Force Policy that they state was in effect at the time of the shooting, deposition testimony from numerous officers reflects uncertainty and inconsistency regarding which policies were officially in effect, when those policies became effective, and to whom they were disseminated. Compounding the confusion, Sheriff Rink testified that the relevant Mental Health Policy came into effect prior to the incident and Sgt. Bishop would have signed that he received a copy, but defense counsel later informed Plaintiffs that no such acknowledgment exists for Sgt. Bishop.  Bishop Dep. [Doc. No. 87-1]; Counsel Email [Doc. No. 87-3].  Thus, according to Plaintiffs, "how and when this policy actually came into force and if it was actually disseminated is very much at issue." *Id.* at 5.

Sheriff Rink objects to production on relevancy and proportionality grounds.  Resp. [Doc. No. 106] at 7–9.  The substance of his objection, however, amounts largely to challenging Plaintiffs' characterization of the dispute rather than establishing why the requested materials are irrelevant or unduly burdensome.  He does not meaningfully dispute that the requested materials bear on what policies were in effect at the time of the incident, when those policies were adopted, or whether they were disseminated to the involved officers.  Nor does he explain how production of these files—many of which the

---

[2] Sheriff Rink raises no argument that these documents are outside the scope of Plaintiffs' requests for production, and the Court is satisfied that they are encompassed by those requests. *See* Mot. [Doc. No. 87] at 2–4 (quoting the relevant requests for production).

officers testified they still have in their offices or their possession, *see* [Doc. No. 87-6]—are too burdensome or expensive to produce.  Resp. [Doc. No. 106] at 9.

**Requests 1–3.**  Plaintiffs seek native digital versions of the policies and procedures that are in possession of certain officers as well as records of their approval—specifically, the source file on Major Layton's computer, the file emailed to Sgt. Reim, and the Sheriff's signed approval document.  The policies and procedures in effect at the time of the incident and whether those policies were disseminated are relevant to Plaintiffs' claims under a *Monell* theory and failure to train and supervise.  *See Thao v. Grady Cnty. Crim. J. Auth.*, 159 F.4th 1214 (10th Cir. 2025); *Zuchel v. City and Cnty. of Denver, Colo.*, 997 F.2d 730 (10th Cir. 1993).  Because the Court finds that the information sought is relevant, Sheriff Rink must demonstrate "that the potential harm occasioned by [the requested discovery] would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 359 (D. Colo. 2004).  However, Sheriff Rink offers no persuasive reason regarding why the Sheriff's document with signatures, the native-format Sgt. Reim email, and the version of policies on Major Layton's computer are overly burdensome to produce or disproportional to the needs of the case.  Due to the inconsistencies surrounding when certain policies were in effect, when they were disseminated, and who they were disseminated to, the Court finds that the sought-after discovery in Plaintiffs' Requests 1–3 should be produced.  For these reasons, the Court GRANTS Plaintiffs' Motion to Compel as to these limited requests.

**Request 4.**  Plaintiffs' last request seeks production of Deputy Hunter and Deputy Prince's "digital drives to a third party forensic data company."[3]  Compelling production of physical devices to a third-party forensic examiner is a meaningfully more invasive step than document production and requires a more specific showing of need than Plaintiffs have made here.  The Motion is silent as to why these drives need to be produced to a third-party vendor.  Further, neither party addresses whether there are documents beyond the policies and procedures that are on the digital drives.  Because Plaintiffs do not sufficiently set forth the grounds to justify production to a third-party forensic data company, the Court denies that request.  However, copies of the policies and procedures on Deputy Hunter and Deputy Prince's "digital drives" (thumb drives) shall be produced to Plaintiffs, in their digital or native format as they exist on the drives.  Accordingly, Request 4 in Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART.

In light of the outstanding discovery and the pending motions, the Court finds it prudent to strike this matter from the May 2026 trial docket, to be reset, if necessary, following rulings on the parties' pending motions.

---

[3] The Court assumes that "digital drives" references the USB drives which contain the policies and procedures that were given to Deputy Hunter and Deputy Prince. *See e.g.*, Hunter Dep. [Doc. No. 87-4].

## IV.    Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel [Doc. No. 87] is GRANTED IN PART and DENIED IN PART as set forth herein.  Defendants shall produce the ordered discovery to Plaintiffs no later than May 15, 2026.

IT IS FURTHER ORDERED that the trial setting for May 2026 is STRICKEN, to be reset following the Court's ruling on the parties' pending motions.

IT IS SO ORDERED this 22nd day of April, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE